MOISE, Justice.
Defendant appeals from a judgment" awarding plaintiff $56,129 for damages to a square of ground in the Third District of New Orleans, bounded by Paris Avenue, Gentilly Boulevard, Bruxelles and Treasure Streets, and it prays that this award on appeal be decreased to the sum of $23,700.
Plaintiff contends that the award is too low and should be in the amount of $100,000.
The record discloses that on January 21, 1952, the City of New Orleans began the construction of an underpass on Gentilly Boulevard at the intersection of Florida Avenue, during the course of which the grade level of Gentilly Boulevard in front of plaintiff’s property was changed and lowered. A concrete wall, approximately one foot thick, was placed before plaintiff’s property on the Gentilly Boulevard frontage, beginning about 80 feet from the Gentilly Boulevard and Paris Avenue intersection and increasing to a height in excess of 4 feet at the intersection of Gentilly Boulevard and Bruxelles Street. A similar wall was built on the Bruxelles Street frontage, reaching a height of 4 feet at the intersection of Bruxelles Street and Gentilly Boulevard.
The record discloses that this property was zoned for commercial purposes and that there is a small amount of property, other than the one herein involved, that could be used for commercial purposes in that section. The preponderance of evidence shows that plaintiff’s property could be used as a shopping center. It is admitted, as a fact, that the walls and the changes in the grade and lowering of the levels on these two streets have completely destroyed the ingress and egress along practically the entire Gentilly Boulevard and *285 Bruxelles Street frontages of plaintiff’s property and has caused it to he set apart and isolated from those two streets.
The main factor which gave this property its value was the frontage on Gentilly Boulevard, which is the principal highway used by the travelling public from the east for ingress and egress to the City of New Orleans; the property was easily accessible to the public, and the transportation facilities in the area are excellent. The only ingress and egress to the property now is on a secondary street.
On the other hand, the City of New Orleans argues that this square of ground was purchased on September 14, 1945, for $35,-000 in cash. It claims that no part of this property was taken by the city in the construction of the underpass, and it submits that the measure of damages is the difference between the value of the property before the construction of the underpass and its value as it now exists. Furthermore, the city contends that the trial judge was in error in his computation when he made the award.
If the Court knows what everybody knows, then it should'have knowledge that the property suffered a great dimunition in value because of this obstruction placed thereon by the city.
As to the valuation of the property before and after the construction of the underpass, plaintiff used three expert witnesses — Robert E. Smith, the plaintiff; Mr. Eugene A. Aschaffenburg; and-Mr. J. Burrows Johnson- — all capable real estate men of high standing, and well and, favorably known in this community. They testified that the best use, before the ingress and egress was destroyed on Gentilly Boulevard and Bruxelles Street, was for a retail shopping center. Mr. Aschaffenburg testified that the fair value of the property before construction of the underpass was $240,000, and $140,000 after construction of the underpass. He took into consideration comparative sales in the vicinity and the loss of ingress and egress on Gentilly Boulevard. Mr. Johnson estimated the value of 'the property -at $3.70 per square foot before construction of the underpass and $1.50 per square foot after construction was completed. In his opinion, the estimated depreciated value was $140,000.
The defendant’s expert witnesses are men of equal reliability, and are also well and favorably known in the community. Mr. F. Poche Waguespack testified that the highest price any buyer would have paid for the property before construction of the underpass was $2.25 per square foot, with the buildings located thereon, and he stated a valuation of $145,800. Mr. Max J. Derbes testified that the property had a value of $2.23 per square foot before construction of the underpass, and he gave the property a valuation of $144,775.
To a trial judge the call of duty is always urgent and insistent. It is the same call that now comes to us. The trial judge not *287 only wanted to consider all of the facts of record, but he also wanted to inspect the physical facts and conditions prevailing in this particular area. He did not want to be bound by isolated fragments of facts, considered separate and apart from all of the circumstances taken as a whole. He visited the-property and made an inspection thereof, and in arriving at his conclusion our Learned Brother below made the following pronouncement:
“I have given consideration to all of the comparable sales offered in evidence and to all of the opinions of the experts, I have also examined the property itself, I have concluded that this square of ground taken as a whole had a value of $2.50 per square foot before the property was damaged by the City by the building of the retaining walls which deny ingress and egress to the property from Gentilly Boulevard along all of the frontage, except for a-distance of 80 feet, and along all of the frontage on Bruxelles Street except for a distance of 80 feet.
“I have further come- to the conclusion that that portion of the property which is not behind the retaining walls has not been damaged at all. This applies to the portion of ground measuring 80 feet front on Gentilly Boulevard, 106.95 feet front on Paris Avenue, 69 feet front on Treasure Street, and 148 feet on a line parallel to Paris Avenue, the area of which is 8,795 square feet as shown on Exhibit ‘City A.’ Since the remainder of the property is inaccessible to Gentilly Boulevard and inaccessible to Bruxelles Street, except for a short distance from the corner of Treasure Street, that portion of the property has been substantially depreciated in value and in my opinion must be given the value of property fronting on Treasure Street, which, from - the evidence, I conclude is $1.50 per square foot. The area of this portion of the property as shown by Exhibit ‘City A’ is 56,129 square feet. The depreciation calculated at $1.00 per square foot amounts to $56,129.00, for which amount plaintiff is entitled to judgment.”
We cannot say that the award, as made, is manifestly erroneous.
Judgment affirmed. All costs to be paid by the defendant.